IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LARACUENTI<br>212 President Coolidge Pl.<br>Henryville, PA 18332<br><br>    Plaintiff,<br>v.<br><br>LAKEWOOD RETREAT, LLC<br>1482 Cherry Lane Rd.<br>East Stroudsburg, PA 18301<br>  and<br>SALISBURY BEHAVIORAL<br>HEALTH, INC.<br>Northeast 3894 Courtney St.<br>Courtney Building 1, Suite 100<br>Bethlehem, PA 18017<br><br>    Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Michael Laracuenti (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Defendant Lakewood Retreat, LLC and Defendant Salisbury Behavioral Health, Inc. (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania common law. Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendants. As

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Lakewood Retreat, LLC is a nursing and personal care facility located at the above captioned address.

9. Defendant Salisbury Behavioral Health, Inc. is, upon information and belief, a healthcare organization that owns and operates several personal care facilities, including but not limited to Defendant Lakewood Retreat, LLC (where Plaintiff physically worked).

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was employed by Defendants for approximately four (4) years as a Resident Advisor.

14. Plaintiff physically worked at Defendants' 1482 Cherry Lane, East Stroudsburg, PA location.

15. During his employment with Defendants, Plaintiff was supervised by, one Christina Allen (Director – *hereinafter* "Allen").

16. While employed with Defendants, Plaintiff was a dedicated and hard-working employee, who performed his job in an effective manner.

17. Towards the end of his employment with Defendants, Plaintiff began to suffer from various disabilities, including but not limited to medical conditions related to his shoulder, knee, and back.

18. Plaintiff filed a worker's compensation claim against Defendants in or about May of 2016 related to his aforesaid health conditions.

19. Plaintiff's aforesaid health conditions, at times, limited his ability to perform some daily life activities, including but not limited to working, lifting, pushing, and pulling.

20. As a result of Plaintiff's aforesaid health conditions, Plaintiff was required to undergo treatment and attend physical therapy.

21. Despite Plaintiff's aforesaid health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did occasionally require reasonable medical accommodations.

22. For example, in or about May of 2016, Plaintiff requested and took a brief two-week medical leave of absence to care for and treat for his health conditions.

23. Upon returning to work from his brief medical leave of absence in May of 2016, Plaintiff requested to be placed on light-duty work as a result of his aforesaid health conditions.

24. Plaintiff was thereafter placed and remained on a light-duty assignment until his termination from Defendants in or about July of 2017.

25. In addition to the time that Plaintiff took off in or about May of 2016 (approximately two weeks), Plaintiff also requested and took another medical leave of absence for approximately two months in or about the Summer/Fall of 2016 for a ruptured appendix.

26. Plaintiff's aforesaid May, 2016 and Summer/Fall of 2016 medical leaves of absence were both FMLA-qualifying medical leaves of absence; however, at no point in time did Defendants properly inform Plaintiff of his individualized FMLA rights. Therefore, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA.

27. Following his claim for worker's compensation and also after apprising Defendants' management of his aforesaid health conditions, limitations, and need for accommodations, Plaintiff was subjected to severe animosity and hostility, including but not limited to trying to issue him discipline for pretextual and baseless reasons, treating him in a rude and condescending manner, refusing to allow to him to call out sick, making negative comments about his health conditions, and accusing him of doing things he never did.

28. The discriminatory and retaliatory treatment that Plaintiff was subjected to by Defendants' management (as discussed in Paragraph 27 of this Complaint) was exhibited primarily by Allen and Brenda McCafferty (Client Care Coordinator).

29. Furthermore, in or about June/July of 2017, Plaintiff was asked by Allen to falsify medical documentation, which is illegal (as doing so would be considered Forgery/Fraud).

30. Plaintiff refused to engage in the illegal activity requested by Allen (as discussed *supra*).

31. In or about July of 2017, shortly after returning from his two-month medical leave of absence and in close proximity to when Plaintiff refused to engage in illegal activity (as requested by Allen), Plaintiff was informed by Debbie Laton (Human Resources) and Diana Corosa (North East Regional Coordinator) that he was being terminated from his employment with Defendants for alleged client abuse, which is completely pretextual and false.

32. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and ultimately terminated as a result of his actual/perceived/record of disabilities, in retaliation for requesting accommodations (including FMLA-qualifying leave), and/or in retaliation for filing a worker's compensation claim.

33. Plaintiff further believes and therefore avers that he was terminated for refusing to engage in illegal activity, as requested by his supervisor.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)
-Against Both Defendants-

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected his ability (at times) to perform some daily life activities, as described *supra*.

36. Plaintiff requested reasonable accommodations from Defendants, including but not limited to time off from work to care for and treat for his aforesaid health conditions and light-duty work.

37. After disclosing his health conditions and need for reasonable accommodations to Defendants' management, Plaintiff was subjected to severe hostility and animosity (discussed *supra*).

38. Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by subjecting him to a hostile work environment and ultimately terminating his employment because: (1) of his known and/or perceived health problems; (2) his record of impairment; and/or (3) his requested accommodations.

39. These actions as aforesaid constitute violations of the ADAAA.

## Count II
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)
-Against Both Defendants-

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43. Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

44. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46. Defendants committed interference and retaliation violations of the FMLA by: (1) disciplining and/or terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue him discipline and/or terminate him; (3) issuing Plaintiff discipline and/or terminating him to prevent him from taking further FMLA-qualifying leave in the future; and (4) subjecting Plaintiff to a hostile work environment in an effort to intimidate Plaintiff from taking further FMLA-qualifying leave in the future.

47. These actions as aforesaid constitute violations of the FMLA.

### Count III
### Common-Law Wrongful Discharge
(Public Policy Violation)
-Against Both Defendants-

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

50. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

51. The exhibited hostility from Defendants' management after Plaintiff sought worker's compensation benefits and/or filed a claim for worker's compensation (as discussed *supra*) creates an inference that his termination was in retaliation for making such a claim and/or seeking such benefits.

52. These actions as aforesaid constitute wrongful termination in Pennsylvania.

### Count IV
### Violations of Pennsylvania Common Law
(Wrongful Discharge)
-Against Both Defendants-

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. It is clearly prohibited in this Commonwealth to terminate an employee for refusing to commit criminal acts. *See. e.g. Levito v. Hussman Food Service Co. Victory Refrigeration Div.*, WL 1426 (E.D. Pa. 1990); *Woodson v. AMF Leisureland Centers, Inc.*, 842 F.2d 699, 702 (3rd Cir.1988); *Shaw v. Russel Trucking Line, Inc.*, 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania*, 876 F.Supp. 713, 725 (W.D.Pa.1990).

55. Plaintiff was terminated for his refusal to engage in criminal acts at the direction of Defendants' management.

56. Defendants' termination of Plaintiff therefore constitutes a violation of this Commonwealth's common law protections.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 26, 2018